UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>Lynn Ann Calvin,<br>               Debtor(s) | CHAPTER 13<br><br>CASE NO. 20-00257-TLM |

ORDER CONFIRMING CHAPTER 13 PLAN

IT HAVING BEEN DETERMINED AFTER NOTICE AND HEARING THAT:

    1.  The Chapter 13 plan docket no. 3 complies with the provisions 11 U.S.C. § 1325.

    2.  Since the filing of this bankruptcy case Debtor(s) have paid all amounts that first became due and payable after the filing of this bankruptcy which they were required to pay under a domestic support obligation as defined in 11 U.S.C. § 101(14A) required by a judicial or administrative order or by statute.

    IT IS HEREBY ORDERED THAT:

The Chapter 13 Plan is confirmed and related motions are granted, incorporating the following modifications:
a.  Debtor's plan proposed 9 payments of $1,880 followed by 51 payments of $280 per month for a total of $31,200.  In order to resolve Trustee's objections and meet the disposable income requirement, Debtor shall make 5 payments of $1,880 per month followed by 55 payments of $640 per month for a total of $44,600.
b. Wells Fargo will be paid a secured claim of $4,589.88 at 8% interest instead of a wholly unsecured claim.  Said claim, claim no. 11, is secured by an interest in Debtor's HVAC system.  Said modification will not negative impact unsecured creditors and is funded by the increase in plan payments.
c. Debtor has an interest in two 2001 Ford F350s, one is a tow truck and one is a dually.  Debtor's prior business partner fails and refuses to turn over the vehicles to the debtor.  In order to meet the best interest of the creditor's requirement, the parties have agreed that the two vehicles will remain property of the bankruptcy estate and not revest in the debtor upon confirmation of Debtor's plan.  Debtor will cooperate in assisting the trustee to recover the two vehicles and selling the estates interest in the vehicles for the benefit of the unsecured creditors. Any net proceeds will be turned over to the trustee for payment to the creditors in addition to Debtor's plan payments.
d.  Trustee has performed a business meeting with the debtor and Debtor's Counsel and finds that Debtor's business, "Push Marketing", does not generate a positive cash flow and that Debtor shall not be permitted to operate the business after August 2020.  In the event that the debtor desires to operate a marketing business in the future, she understands that it will need to generate a positive cash flow and result in increased plan payments for the creditors.  Additionally, if Debtor files amended schedules showing that she is operating a business that is resulting in increased income available for plan payments, then Debtor will need to commence providing trustee with periodic operating reports which will include proof of income and business expenses. \\end of text\\.

DATED: July 28, 2020



_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE

/s/_____
Kathleen McCallister, Trustee

/s/_____
Michael Shawn Jacques, Counsel for the Debtor(s)

/s/_____
Lynn Ann Calvin, Debtor